The JS44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law except as provided by the rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

RAYMOND WIATER & LISA WIATER

**(b)** County of Residence of First Listed Plaintiff __Philadelphia, PA__
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** Attorney's First Name, Address, and Telephone Number)
EDWARD S. GOLDIS, ESQUIRE
1845 WALNUT STREET, 25TH FLOOR
PHILADELPHIA, PA 19103

## DEFENDANTS

GERBER LEGENDARY BLADES DIVISION OF FISKARS BRANDS, INC. FISKARS BRANDS INC., AND RECREATIONAL EQUIPMENT, INC. d/b/a REI

County of Residence of First Listed Defendant __Madison, WI__
(IN U.S. PLAINTIFF CASE ONLY)

NOTE: IN LAND CONTAMINATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

Attorneys (If Known)
Gary S. Williams, Esquire - 215-627-3087- Ext. 212
Baginski, Mezzanotte, Hasson & Rubinate
6th & Chestnut Streets, Suite 500, Philadelphia, PA 19106

## II. BASIS OF JURISDICTION (Place an X in one box only)

☐1 U.S. Government Plaintiff

☐2 U.S. Government Defendant

☐3 Federal Question (U.S. Government Not a Party)

☒4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES Place an X in one Box for the Plaintiff and one box for the Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒1 | ☐1 | Incorporated or Principal Place of Business in This State | ☐4 | ☐4 |
| Citizen of Another State | ☐2 | ☒2 | Incorporated and Principal Place of Business in Another State | ☐5 | ☒5 |
| Citizen or Subject of a Foreign Country | ☐3 | ☐3 | Foreign Nation | ☐6 | ☐6 |

## IV. NATURE OF SUIT (Place an X in one box only.)

| CONTRACT | TORT | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| □ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | □ 610 Agriculture | □ 422 Appeal 28 USC 158 | □ 400 State Reappointment |
| □ 120 Marine | □ 310 Airplane | □ 362 Personal Injury | □ 620 Other Food & Drug | □ 423 Withdrawal | □ 410 Antitrust |
| □ 130 Miller Act | □ 315 Airplane Product | - Med Malpractice | □ 625 Drug Related Seizure of | 28 USC 157 | □ 430 Banks and Banking |
| □ 140 Negotiable Instrument | Liability | ■ 365 Personal Injury | Property 21 USC 881 | | □ 450 Commerce |
| □ 150 Recovery of Overpayment | □ 320 Assault, Libel & | - Product Liability | □ 630 Liquor Laws | **PROPERTY RIGHTS** | □ 460 Deportation |
| & Enforcement of Judgment | Slander | □ 368 Asbestos Personal | □ 640 RR & Truck | □ 820 Copyrights | □ 470 Racketeer Influenced and |
| □ 151 Medicare Act | □ 330 Federal Employers | Injury Product | □ 650 Airline Regs | □ 830 Patent | Corrupt Organizations |
| □ 152 Recovery of Defaulted | Liability | Liability | □ 660 Occupational | □ 840 Trademark | □ 810 Selective Service |
| Student Loans | □ 340 Marine | | Safety/Health | | □ 850 Securities/Commodities/ |
| (Excl. Veterans) | □ 345 Marine Product | **PERSONAL PROPERTY** | □ 690 Other | **SOCIAL SECURITY** | Exchange |
| □ 153 Recovery of Overpayment | Liability | □ 370 Other Fraud | | □ 861 HIA (1395ff) | □ 875 Customer Challenger |
| of Veteran's Benefits | □ 350 Motor Vehicle | □ 371 Truth in Lending | | □ 862 Black Lung (923) | 12 USC 3410 |
| □ 160 Stockholders' Suits | □ 355 Motor Vehicle | □ 380 Other Personal | **LABOR** | □ 863 DIWC/DIWW | □ 890 Other Statutory Actions |
| □ 190 Other Contract | Product Liability | Property Damages | □ 710 Fair Labor Standards Act | (405(g)) | □ 891 Agriculture Acts |
| □ 195 Contract Product | □ 360 Other Personal | □ 385 Property Damage | □ 720 Labor/Mgmt. Relations | □864 SSFD Title XVI | □ 892 Economic Stabilization Ac |
| Liability | Injury | Product Liability | □ 730 Labor/Mgmt. Reporting | □ 865RSI (405(g)) | □ 893 Environmental Matters |
| □ 196 Franchise | | | & Disclosure Act | | □ 894 Energy Allocation Act |
| | **CIVIL RIGHTS** | **PRISONER PETITIONS** | □ 740 Railway Labor Act | **FEDERAL TAX SUITS** | □ 895 Freedom of Information |
| **REAL PROPERTY** | □ 441 Voting | □ 510 Motions to Vacate | □ 790 Other Labor Litigation | □ 870 Taxes (U.S. Plaintiff | Act |
| □ 210 Land Condemnation | □ 442 Employment | Sentence | □ 791 Empl. Ret. inc. Security | or Defendant) | □ 900 Appeal of Fee |
| □ 220 Foreclosure | □ 443 Housing/ | | Act | □ 871 IRS - Third Party 26 | Determination Under |
| □ 230 Rent Lease & Ejectment | Accommodations | **Habeas Corpus:** | | USC 7609 | Equal Access to Justice |
| □ 240 Torts to Land | □ 444 Welfare | □ 530 General | | | □ 950 Constitutionality of |
| □ 245 Tort Product Liability | □ 445 Amer. w/Disabilities | □ 535 Death Penalty | | | State Statutes |
| □ 290 All Other Real Property | Employment | □ 540 Mandamus & Order | | | |
| | □ 446 Amer. w/Disabilities | □ 550 Civil Rights | | | |
| | - Other | □ 555 Prison Condition | | | |
| | □ 440 Other Civil Rights | | | | |

## V. ORIGIN (Place an "X" in One Box Only)

☐ 1. Original Proceeding    ■ 2. Removed from State Court    ☐ 3. Remanded from Appellate Court    ☐ 4. Reinstated or Reopened    ☐ 5. Transferred from another district (specify)    ☐ 6. Multidistrict Litigation    ☐ 7. Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):

28 U.S.C. §1332 and 28 U.S.C. §1441

Brief description of cause:

Product Liability Claim

## VII. REQUESTED IN COMPLAINT

☐ Check if this is a CLASS ACTION under F.R.C.P. 23

DEMAND In Excess of $75,000.00

Check YES only if demanded in complaint
JURY DEMAND: ☐YES ☐NO

## VIII. RELATED CASE(S) IF ANY

(See instructions)    JUDGE _____    DOCKET NUMBER _____

DATE

SIGNATURE OF ATTORNEY OF RECORD

Gary S. Williams, Esquire

FOR OFFICE USE ONLY

RECEIPT#_____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

**APPENDIX I**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| RAYMOND WIATER and LISA WIATE, h/w <br> Plaintiff | : | |
| vs. | : | CIVIL ACTION |
| FISKARS BRANDS, INC., et. al. <br> Defendants | : <br> : | NO. |
| | : | |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

## SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a)   Habeas Corpus - Cases brought under 28 U.S.C. §2441 through §2255.   ( )

(b)   Social Security - Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.   ( )

(c)   Arbitration - Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d)   Asbestos - Cases involving claims for personal injury or property damage from exposure to asbestos.   ( )

(e)   Special Management - Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)   ( )

(f)   Standard Management - Cases that do not fall into any one of the other tracks.   (X)

| | | |
|---|---|---|
| 06/22/11 | Gary S. Williams | Fiskars Brands, Inc. |
| Date | Attorney-at-law | Attorney for |
| | | |
| 215-627-3087 | 215-627-0399 | Garys.williams@libertymutual.com |
| Telephone | Fax Number | E-Mail Address |

**MSG**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RAYMOND WIATER and<br>LISA WIATER, h/w<br>    Plaintiffs | : | |
| | : | |
| vs. | : | 11    4088 |
| | : | |
| GERBER LEGENDARY BLADES<br>DIVISION OF FISKARS BRANDS,<br>INC., FISKARS BRANDS, INC.,<br>RECREATIONAL EQUIPMENT, INC.<br>d/b/a REI<br>    Defendants | : | |

### NOTICE OF REMOVAL

### TO THE JUDGES OF THE COURT:

Defendants Fiskars Brands, Inc., and Gerber Legendary Blades, Division of Fiskars Brands, Inc., by and through their counsel, hereby file this Notice of Removal pursuant to 28 U.S.C. § 1446(a), and respectfully submit as follows:

### I.    STATEMENT OF FACTS ENTITLING DEFENDANTS TO REMOVE ON THE BASIS OF DIVERSITY OF CITIZENSHIP

1.    On or about May 17, 2011, Plaintiffs Raymond Wiater and Lisa Wiater filed a Civil Action Complaint against the above-named Defendants. (A copy of Plaintiffs' Complaint is attached hereto as Exhibit "A").

2.    Plaintiffs filed their Complaint in the Court of Common Pleas of Philadelphia County, Pennsylvania, which docketed this matter under May Term 2011, No. 1937. (See Exhibit "A").

3.    The first Defendant upon whom Plaintiffs served their Complaint was Defendant Fiskars Brands, Inc., on or about June 3, 2011.

4.      Plaintiffs' action is civil in nature, and the amount in controversy, exclusive of interest and costs, may be in excess of $75,000.00.

5.      Defendants Fiskars Brands, Inc. and Gerber Legendary Blades Division of Fiskars Brands, Inc. aver that diversity of citizenship exists between the parties in controversy as follows:

    a.      Plaintiffs are citizens of the Commonwealth of Pennsylvania and reside at 6304 Revere Street in Philadelphia, Pennsylvania;

    b.      Defendant Fiskars Brands, Inc. is a corporation, incorporated under the laws of the State of Wisconsin, with a principal place of business at 2437 Daniels Street in Madison, Wisconsin;

    c.      Gerber Legendary Blades is a brand name under which Defendant Fiskars Brands, Inc. markets and sells goods and is not a corporation or other legally recognized entity;

    d.      Defendant Recreational Equipment, Inc. is a corporation, incorporated under the laws of the State of Washington, with a principal place of business at 6750 South 228th Street in Kent, Washington.

6.      This action is one over which this Court has original jurisdiction under the provisions of 28 U.S.C. §1332 and is one which may be removed to this Court by Defendants pursuant to the provisions of 28 U.S.C. §1441, *et seq.*

7.      This Notice is filed with this Court within the time for removal set forth in 28 U.S.C. §1446, inasmuch as thirty (30) days have not passed since the receipt by Defendant Fiskars Brands, Inc. of a copy of the initial pleading (Complaint) setting forth the claim for relief upon which this action is based.

8.      Copies of all process, pleadings and orders that have been received by Defendant Fiskars Brands, Inc. are filed herewith.

9.   Co-Defendant, Recreational Equipment Inc., consents to this removal. (See Consent to Remove, attached hereto as Exhibit "B").

WHEREFORE, Defendants Fiskars Brands, Inc. and Gerber Legendary Blades, Division of Fiskars Brands, Inc. ask that the above action pending against them in the Court of Common Pleas of Philadelphia County be removed to the United States District Court for the Eastern District of Pennsylvania.

Respectfully submitted,

**BAGINSKI, MEZZANOTTE, HASSON & RUBINATE**

By:

Gary S. Williams, Esquire
Identification No. 25786
Suite 500 - Public Ledger Building
150 South Independence Mall West
Philadelphia, Pa. 19106
(215) 627-3087
Attorney for Defendants
Fiskars Brands, Inc. and
Gerber Legendary Blades, Division of Fiskars Brands,
Inc.

EXHIBIT "A"

**FELDMAN, SHEPHERD, WOHLGELERNTER, TANNER, WEINSTOCK & DODIG, LLP**
BY: ALAN M. FELDMAN/DANIEL J. MANN/EDWARD S. GOLDIS
IDENTIFICATION NO.: 23210 / 77639 / 88233                    ATTORNEYS FOR PLAINTIFFS
1845 WALNUT STREET, 25ᵀᴴ FLOOR
PHILADELPHIA, PA 19103
(215) 567-8300

*Filed and Attested by*
*PROTHONOTARY*

RAYMOND WIATER and LISA WIATER, h/w          COURT OF COMMON PLEAS
6304 Revere Street                           PHILADELPHIA COUNTY
Philadelphia, PA 19149
    Plaintiffs,                               TERM,

    v                                        No.

GERBER LEGENDARY BLADES DIVISION OF          ***JURY TRIAL DEMANDED***
FISKARS BRANDS, INC.
d/b/a Gerber Legendary Blades
c/o Corporation Service Company
285 Liberty Street, N.E.
Salem, OR 97301
    and
FISKARS BRANDS, INC.
2537 Daniels Street
Madison, WI 53718
    and
RECREATIONAL EQUIPMENT INC.
d/b/a REI
6750 S. 228ᵗʰ Street
Kent, WA 98032
    and
RECREATIONAL EQUIPMENT INC.
d/b/a REI
1400 Country Ridge Road
Bedford, PA 15522
    Defendants

## COMPLAINT IN CIVIL ACTION

### NOTICE

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.

PHILADELPHIA BAR ASSOCIATION
LAWYER REFERRAL AND INFORMATION SERVICE
One Reading Center
Philadelphia, Pennsylvania 19107
Telephone: 215-238-6333 TTY: 215-451-6197

### AVISO

Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las paginas siguien-tes, usted tiene viente (20) dias de plazo al partir de la fecha de la demanda y la notificacion. Hace falta asentar una comparesencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomara medidas y puede continuar la demanda en contra suya sin previo aviso o notificacion. Ademas, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demande. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted.

LLEVE ESTA DEMANDA A UN ABOGADO INMEDIATAMENTE, SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE DE PAGAR RAL SERVCIO, VAYA EN PERSONA O LLAME POR TELEFONO A LA OFICINA CUYA DIRECCION SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL.

ASOCIACION DE LICENCIADOS DE FILADELFIA
SERVICO DE REFERENCIA E INFORMACION LEGAL
One Reading Center
Filadelfia, Pennsylvania 19107
Telefono: 215-238-6333  TTY: 215-451-8197

Case ID: 110501937

## I.     PARTIES

1.      Plaintiffs Raymond Wiater and Lisa Wiater, husband and wife, are citizens and residents of the Commonwealth of Pennsylvania, residing therein at 6304 Revere Street, Philadelphia, PA 19149.

2.      Defendant Gerber Legendary Blades Division of Fiskars Brands, Inc., d/b/a Gerber Legendary Blades ("Gerber Legendary Blades") is a corporation organized and existing under the laws of the State of Oregon with an address for service of process c/o Corporation Service Company, 285 Liberty Street, N.E., Salem, OR 97301.

3.      Defendant Fiskars Brands, Inc. ("Fiskars") is a corporation organized and existing under the laws of the State of Wisconsin with offices located at 2537 Daniels Street, Madison, WI 53718.

4.      Defendants Gerber Legendary Blades and Fiskars shall hereinafter be collectively referred to as "Gerber."

5.      At all times relevant hereto, defendant Gerber was a manufacturer of outdoor tools, including the axe and knife combination tool known as the "Gator Combo Axe."

6.      At all times relevant hereto, defendant Gerber regularly conducted business in the Commonwealth of Pennsylvania and in the City and County of Philadelphia.

7.      Defendant Recreational Equipment, Inc. d/b/a REI ("REI") is a corporation organized and existing under the laws of the State of Washington with its principal place of business located at 6750 S. 228th Street, Kent, WA 98032.

8.      At all times relevant hereto, defendant REI maintained its East Coast distribution center at 1400 Country Ridge Road, Bedford, PA 15522.

9.      At all times relevant hereto, defendant REI was a seller of outdoor gear, including the

-2-

Case ID: 110501937

Gerber-manufactured Gator Combo Axe.

10.     At all times relevant hereto, defendant REI regularly conducted business in the Commonwealth of Pennsylvania and in the City and County of Philadelphia.

II.     FACTS

11.     The Gator Combo Axe is an axe with a forged steel head, with a hollow handle into which a knife with a nearly 3" straight razor-edge is inserted.

12.     The Gator Combo Axe is designed to be used while the knife remains within the hollow handle.

13.     A magnet within the handle is supposed to prevent the knife from coming out of the handle during normal, expected and intended use.

14.     Because of the inadequate and defective design of the magnetic securing mechanism, the knife can suddenly and unexpectedly fly out of the handle during normal, expected and intended use.

15.     Upon information and belief, defendants Gerber and REI were at all times relevant hereto aware of the inadequate and defective design of the Gator Combo Axe, but nevertheless placed the Gator Combo Axe into the stream of commerce.

16.     On or about June 4, 2010, plaintiff Raymond Wiater was on a camping trip at the Hearthstone Point Campground, a New York State campground located near Lake George, New York.

17.     On the aforesaid date, plaintiff Raymond Wiater was using a Gerber-manufactured Gator Combo Axe which had been purchased from defendant REI on or about May 12, 2009, to hammer in a tent stake, when the knife stored in the handle suddenly and unexpectedly became dislodged and sliced through plaintiff's right wrist before falling to the ground.

18.     On or about March 23, 2011, the United States Consumer Product Safety Commission

-3-

("CPSC") issued a recall of the Gator Combo Axe, stating that it presented a "hazard" because "[t]he knife in the axe handle can come out of the axe handle when the axe is used for chopping or hammering, posing a laceration hazard to the user" and instructing consumers to "immediately remove the knife from the axe handle and contact Gerber to receive a free handle cap, which will hold the knife in the axe handle during transport and storage, instructions for use of the handle cap and a warning label to affix to the axe head." See 3/23/11 CPSC Recall Notice, a copy of which is attached hereto as Exhibit "A."

19. In announcing the recall on its website, defendant Gerber states that it "does not intend for users to keep the knife in the axe handle when using the axe" and warns users that if the Gator Combo Axe "is used with the knife in the axe handle, the knife may become dislodged and result in laceration injuries." See Gator Combo Axe Retrofit Form from Gerber's website, a copy of which is attached hereto as Exhibit "B."

20. On its website defendant Gerber also posted a "Safety Retrofit" for the Gator Combo Axe stating that "hammering or chopping with the axe without first removing the knife from the axe handle can create a force upon impact which may cause the knife to come out of the handle and stick upright, and on the next downstroke the knife can cause a laceration hazard to the user," and warning users to "always remove the knife from the axe handle before using the axe. . ." See Gator Combo Axe Safety Retrofit, a copy of which is attached hereto as Exhibit "C."

21. At all times relevant hereto, defendants Gerber and REI had notice and actual knowledge of the defective design of the Gator Combo Axe described in the recall documents, and notice and actual knowledge of injuries occurring as a result of the defective design before the sale of the subject Gator Combo Axe.

– 4 –

III.   **LIABILITY**

A.   **Raymond Wiater v. Gerber Legendary Blades Division of Fiskars Brands, Inc. d/b/a Gerber Legendary Blades, Fiskars Brands, Inc. and Recreational Equipment, Inc. d/b/a REI - Strict Product Liability**

22.   Plaintiffs incorporate all preceding paragraphs as though the same were set forth fully herein at length.

23.   The injuries sustained by plaintiff Raymond Wiater were caused by defendants' sale of a defective product which was unsafe for its intended use, for which defendants are strictly liable pursuant to the provisions of §402A of the Restatement (2d) of Torts.

B.   **Raymond Wiater v. Gerber Legendary Blades Division of Fiskars Brands, Inc. d/b/a Gerber Legendary Blades and Fiskars Brands, Inc.- Negligence**

24.   Plaintiffs incorporate all preceding paragraphs as though the same were set forth fully herein at length.

25.   The injuries sustained by plaintiff Raymond Wiater were caused by defendants' negligence, carelessness and recklessness in the following particular respects:

a.   failing to properly design the Gator Combo Axe;

b.   failing to properly manufacture the Gator Combo Axe;

c.   failing to properly inspect the Gator Combo Axe;

d.   failing to properly test the Gator Combo Axe;

e.   failing to properly assemble the Gator Combo Axe;

f.   failing to install and display necessary warnings on the Gator Combo Axe;

g.   failing to warn users of defects in the Gator Combo Axe's design;

Case ID: 110501937

h.   failing to timely recall the Gator Combo Axe despite actual knowledge of its
defective design;

i.   failing to comply with state and federal laws, regulations and requirements relating
to the design, sale and manufacture of the Gator Combo Axe; and

j.   failing to comply with industry standards and codes relating to the design, sale and
manufacture of the Gator Combo Axe.

26.   Gerber's conduct including (1) continuing to market and sell the Gator Combo Axe with
knowledge that it may cause serious injuries, (2) making misrepresentations to retailers and the public
regarding the safety of the Gator Combo Axe, (3) failing to recall the product, and (4) other intentional and
reckless conduct alleged herein, constitutes intentional and outrageous conduct, in reckless disregard of the
safety of consumers for whom the product was intended.

C.   **Raymond Wiater v. Recreational Equipment, Inc. d/b/a REI - Negligence**

27.   Plaintiffs incorporate all preceding paragraphs as though the same were set forth fully
herein at length.

28.   The injuries sustained by plaintiff Raymond Wiater were caused by defendant's negligence
and carelessness in the following particular respects:

a.   selling a defective and unreasonably dangerous product;

b.   selling the Gator Combo Axe when defendant knew or had reason to know that the
Gator Combo Axe product line was unreasonably dangerous for its normal, expected
and intended use;

c.   failing to warn of dangers of use of the Gator Combo Axe;

d.   failing to stop purchasing the Gator Combo Axe product line for resale to

−6−

consumers;

    e.    selling the Gator Combo Axe to consumers when defendant knew or should have known of its dangers and potential to cause serious injuries; and

    f.    failing to take steps to remove the Gator Combo Axe from stores.

## IV.  DAMAGES

### A.  Raymond Wiater v. All Defendants

29.  Plaintiffs incorporate all preceding paragraphs as though the same were set forth fully herein at length.

30.  As a result of the conduct of all defendants, plaintiff Raymond Wiater was caused to suffer serious injuries to his right wrist, arm and hand, including, but not limited to a penetrating injury to his right wrist with complete transection of his right medial nerve. These severe and permanent injuries required multiple surgical procedures, including but not limited to exploration of the right wrist with median nerve repair and right median nerve reconstruction with a conduit graft, causing disfigurement and other injuries and conditions which have and will require extended hospital admissions and extensive medical care, treatment and therapy.

31.  As a result of the conduct of all defendants, plaintiff Raymond Wiater sustained physical and emotional pain and suffering.

32.  As a result of the conduct of all defendants, plaintiff Raymond Wiater has incurred and will incur in the future substantial expenses for medical care and treatment.

33.  As a result of the conduct of all defendants, plaintiff Raymond Wiater has and will sustain in the future a loss of earnings and earning capacity.

34.  As a result of the conduct of all defendants, plaintiff Raymond Wiater has and will sustain

-7-

in the future a loss and diminution of the ability to enjoy the pleasures of life.

WHEREFORE, plaintiff Raymond Wiater demands judgment in his favor and against all defendants for compensatory and punitive damages in an amount in excess of the jurisdictional limit for arbitration, together with interest and costs.

### B.   Lisa Wiater v. All Defendants

35.   Plaintiffs incorporate all preceding paragraphs as though the same were set forth fully herein at length.

36.   As a result of the conduct of all defendants, plaintiff Lisa Wiater has suffered a loss of the aid, society, comfort, assistance, companionship and consortium of her husband, Raymond Wiater.

WHEREFORE, plaintiff Lisa Wiater demands judgment in her favor and against all defendants for compensatory and punitive damages in an amount in excess of the jurisdictional limit for arbitration, together with interest and costs.

### C.   Raymond and Lisa Wiater v. Gerber Legendary Blades Division of Fiskars Brands, Inc. d/b/a Gerber Legendary Blades and Fiskars Brands, Inc. - Punitive Damages

37.   Plaintiffs incorporate all preceding paragraphs as though the same were set forth fully herein at length.

38.   Gerber's acts and omissions were outrageous in that the conduct of defendants amounted to reckless indifference to the safety of others.

39.   Gerber had actual knowledge of facts which created a high risk of physical harm to another.

40.   Gerber had actual knowledge that the Gator Combo Axe was dangerous and unsafe for its normal, expected and intended use.

–8–

Case ID: 110501937

41.   Gerber's reckless conduct warrants the imposition of punitive damages under Pennsylvania law.

WHEREFORE, plaintiffs Raymond and Lisa Wiater demand judgment in their favor and against defendants for punitive damages in an amount in excess of the jurisdictional limit for arbitration, together with interest and costs.

FELDMAN SHEPHERD WOHLGELERNTER
TANNER WEINSTOCK & DODIG, LLP


___/s/  *Edward S. Goldis*_____

Date:     May 17, 2011            ALAN M. FELDMAN
                                  DANIEL J. ANN
                                  EDWARD S. GOLDIS
                                  Attorneys for Plaintiffs

−9−

Case ID: 110501937

# News from CPSC

## U.S. Consumer Product Safety Commission

Office of Information and Public Affairs

Washington, D.C. 20207

For Immediate Release
March 23, 2011
Release #11-XXX

Firm's Recall Hotline: (877) 314-9130
CPSC Recall Hotline: (800) 638-2772
CPSC Media Contact: (301) 504-7908

## Gerber Legendary Blades Recalls Combo Axe Due to Laceration Hazard

WASHINGTON, D.C. – The U.S. Consumer Product Safety Commission, in cooperation with the firm named below, today announced a voluntary recall of the following consumer product. Consumers should stop using recalled products immediately unless otherwise instructed. It is illegal to resell or attempt to resell a recalled consumer product.

**Name of product:** Gerber® Gator® Combo Axe

**Units:** About 103,000

**Importer:** Gerber Legendary Blades, of Portland, Ore., a division of Fiskars Brands Inc., of Madison, Wis.

**Hazard:** The knife in the axe handle can come out of the axe handle when the axe is used for chopping or hammering, posing a laceration hazard to the user.

**Incidents/Injuries:** Gerber has received five reports of laceration injuries. All required stitches.

**Description:** This recall involves the Gerber Gator Combo Axe, which has a 7-inch knife in the hollow axe handle. The axe is approximately 8.75 inches long with an axe head that is 4.75 inches x 2.7 inches. The axe handle is marked with the "Gerber" trademark. The Gerber Combo Axe II, which holds a saw in a longer axe handle, is not included in this recall.

**Sold at:** Retail stores nationwide, including The Sportsman's Guide, Dick's Sporting Goods and Bass Pro Shops/American Rod & Gun, and through on-line stores since March 2005 for between $28 and $60.

**Manufactured in:** Taiwan

**Remedy:** Consumers should immediately remove the knife from the axe handle and contact Gerber to receive a free handle cap, which will hold the knife in the axe handle during transport and storage, instructions for the use of the handle cap and a warning label to affix to the axe head.

**Consumer Contact:** For more information, contact Gerber Legendary Blades toll-free at (877) 314-9130 between 9 a.m. and 5 p.m. PT, Monday through Friday, or visit the firm's website at www.gerbergear.com.



**The Combo Axe with a knife in the handle is included in this recall.**



**The Combo Axe II with a saw in the handle is not included in this recall.**

CPSC is still interested in receiving incident or injury reports that are either directly related to this product recall or involve a different hazard with the same product. Please tell us about it by visiting https://www.cpsc.gov/cgibin/incident.aspx

The U.S. Consumer Product Safety Commission is charged with protecting the public from unreasonable risks of injury or death associated with the use of the thousands of consumer products under the agency's jurisdiction. Deaths, injuries and property damage from consumer product incidents cost the nation more than $800 billion annually. The CPSC is committed to protecting consumers and families from products that pose a fire, electrical, chemical, or mechanical hazard. CPSC's work to ensure the safety of consumer products - such as toys, cribs, power tools, cigarette lighters, and household chemicals – contributed to a significant decline in the rate of deaths and injuries associated with consumer products over the past 30 years.

Under federal law, it is illegal to attempt to sell or re-sell this or any other recalled product.

To report a dangerous product or a product-related injury, call CPSC's Hotline at (800) 638-2772, teletypewriter at (800) 638-8270, or visit www.cpsc.gov/talk.html. Consumers can obtain this press release and recall information at www.cpsc.gov. To join a free e-mail subscription list, please go to www.cpsc.gov/cpsclist.aspx.

####

Case ID: 110501937

# Exhibit "B"

GerberGear > Product Notify Axe



**KNIVES**
**TOOLS**
**LIGHTS**
**GEAR**
**NEW FOR 2011**

**HISTORY**
**NEWS**
**PRODUCT NOTIFICATIONS**
**PRODUCT GUIDE**
**2011 PRODUCTS**
**SERVICE & SUPPORT**
**WHERE TO BUY**
**GLOSSARY**
**FAQ**

**Gerber Legendary Blades Gator Combo Axe (Item # 22-49470) Retrofit Form**

Gerber is providing consumers with a Handle Cap, instructions for installing the Handle Cap, and a warning label for the knife-in-handle Combo Axe (Item # 22-49470). The knife-in-handle feature of the Combo Axe (Item # 22-49470) is meant to serve as a convenience to the user when storing or transporting the Combo Axe (Item # 22-49470). Gerber does not intend for users to keep the knife in the axe handle when using the axe. If the Combo Axe (Item # 22-49470) is used with the knife in the axe handle, the knife may become dislodged and result in laceration injuries. You should NEVER use the axe with the knife in the handle. The Handle Cap is designed to securely hold the knife in the axe handle during transport and storage. Please continue to remove the knife from the axe handle before using the axe to reduce your risk of injury.

These Combo Axes (Item # 22-49470) were first sold in March 2005. This retrofit corrective action applies only to the knife-in-handle Combo Axe (Item # 22-49470). This retrofit does not apply to the Combo Axe II (Item # 22-41420), which has a saw in the axe handle.

If you own a knife-in-handle version of the Combo Axe (Item # 22-49470), please complete the form below and we will ship a Handle Cap, instructions for installing the Handle Cap, and a warning label for the knife-in-handle Combo Axe (Item # 22-49470). It may take a few days to process your information and send you your free Handle Cap, instructions for installing the Handle Cap, and the warning label. We appreciate your patience. In the meantime, make sure to remove the knife from the axe handle before using the Combo Axe (Item # 22-49470).

We apologize for any inconvenience this may cause you, but your safety is our primary concern.

Retrofit Information
Press Release

First Name:
Last Name:
Address 1:
Address 2:
City:
State:                          Select
Country:                       Select
Zip:
Day contact phone:

[ Submit ]

Gerber Legendary Blades, a division of Fiskars Brands, Inc., ©2011   Jobs at Gerber   Home

Enter for a Chance to Win a Dream Camping Setup from Gerber Gear

Case 1120 110501937

# Exhibit "C"

Case ID: 110501937

# SAFETY RETROFIT

## GERBER® GATOR® COMBO AXE

Hammering or chopping with the axe without first removing the knife from the axe handle can create a force upon impact which may cause the knife to come out of the handle and stick upright, and on the next down stroke the knife can pose a laceration hazard to the user.

This retrofit applies only to the knife-in-handle Combo Axe, which looks like this:



This retrofit <u>does not apply</u> to the saw-in-handle Combo Axe II, which looks like this:

If you have a knife-in-handle Combo Axe, always remove the knife from the axe handle before using the axe, and call Gerber to receive your free Handle Cap, instructions for installing the Handle Cap, and a warning sticker. Once installed, the Handle Cap will keep the knife securely in the axe handle during transport and storage. Call Gerber toll free at:

## (877) 314-9130

between 9 a.m. and 5 p.m. Pacific time, Monday through Friday
or visit Gerber's website:
### www.gerbergear.com
In cooperation with the U.S. Consumer Product Safety Commission

Post until July 31, 2011

9793641.1

Case ID: 110501937

# EXHIBIT "B"

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

RAYMOND WIATER and :
LISA WIATER, h/w :
    Plaintiffs :
 :
vs. :     NO.
 :
GERBER LEGENDARY BLADES :
DIVISION OF FISKARS BRANDS, :
INC., FISKARS BRANDS, INC., and :
RECREATIONAL EQUIPMENT, INC. :
    Defendants :

## CONSENT TO REMOVE

    1.    Defendant Recreational Equipment, Inc. fully consents to the removal of this matter from the Court of Common Pleas of Philadelphia County to the United States District Court for the Eastern District of Pennsylvania.

    2.    I, Catherine Walker, am Senior Vice President and General Counsel for Defendant Recreational Equipment, Inc.

    3.    I state that I have the authority to sign this consent form on behalf of Recreational Equipment, Inc.

Date: _6/21/2011_

_Catherine Walker_
Catherine Walker, Equire

## CERTIFICATE OF SERVICE

I, Gary S. Williams, hereby certify that on the 22nd day of June, 2011, I caused a true and correct copy of the foregoing Notice of Removal to be served upon the individuals listed below via United States Mail, first class, postage pre-paid as follows:

> Edward S. Goldis, Esquire
> 1845 Walnut Street
> 25th Floor
> Philadelphia, PA 19103
>
> Catherine Walker, Esquire
> Fiskars Brands, Inc.
> 6750 South 228th Street
> Kent, WA 98032

### BAGINSKI, MEZZANOTTE, HASSON & RUBINATE

By:     /s/ Gary S. Williams
> Gary S. Williams, Esquire
> Identification No. 25786
> Suite 500 - Public Ledger Building
> 150 South Independence Mall West
> Philadelphia, Pa. 19106
> (215) 627-3087
> Attorney for Defendants
> Fiskars Brands, Inc. and
> Gerber Legendary Blades, Division of Fiskars Brands, Inc.